UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| PAUL DINDA, | ) | C.A. No.: 2017-CV-03171-DCN-MGB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | |
| | ) | |
| CSC GOVERNMENT SOLUTIONS, LLC and CSRA LLC, | ) ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## COMPLAINT AND JURY DEMAND

The Plaintiff, Paul Dinda, by and through his attorney, Bonnie Travaglio Hunt of Hunt Law, LLC., hereby complains against the Defendants, CSC Government Solutions, LLC and CSRA Corporation as follows:

## NATURE OF THE ACTION

1. This action is brought pursuant to Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §2000e, *et seq*.). The jurisdiction of this Court is invoked to secure protection of and redress deprivation of rights guaranteed by federal law and state law which rights provide for injunctive and other relief for illegal discrimination in employment.

2. This action is also brought pursuant to South Carolina Human Affairs Commission Laws.

3. This action is also brought pursuant to the Americans with Disabilities Act (ADA).

4. This action is brought pursuant to the laws of South Carolina.

## PARTIES

5. The Plaintiff is an individual residing in Charleston County, South Carolina.

1

6. On information and belief, Defendant is an entity conducting business and affecting commerce in the state of South Carolina properly within the jurisdiction of the Court. The Defendant CSC Government Solutions, LLC was converting to CSRA, LLC at the time of the Plaintiff's employment.

7. At all times, relevant to the allegations in this Complaint, the Defendants employed more than 20 persons in the State of South Carolina.

8. At all times, relevant to the allegations in this Complaint, the Defendants operated a facility in the State of South Carolina.

## JURISDICTION AND VENUE

9. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331 as this matter presents a federal question.

10. Jurisdiction of this Court arises under Title VII 42 U.S.C. 2000.

11. Jurisdiction of this Court arises under the Americans' with Disabilities Act.

12. The County of Charleston is the proper venue for this action pursuant because this is the District and Division in which the Plaintiff resides and in which a substantial part of the events or omissions giving rise to the claims occurred.

## Procedural Prerequisites

13. That the Plaintiff filed a charge of discrimination against the Defendant with the Equal Employment Opportunity Commission ("EEOC") alleging Sex Discrimination, Disability Discrimination, Age Discrimination, Hostile Work Environment and Retaliation.

14. The Plaintiff's charge of discrimination was filed on July 15, 2016 and set forth the following:

I. "That I was an employee of CSRA-formerly-CSC-from March 12, 2912 to June 22, 2016. That CSC/CSRA hired me as a Senior Software/Systems Test Engineer, a position I held throughout my employment. That over about four years, my previous CSC/CSRA managers and my Department of Veterans Affairs Customers considered me an exemplary employee.

II. "That from early March 2016 to June 2016, I was subjected to differential treatment based on my sex. That I was treated differently than female employees. That my manager intentionally treated female employees more favorably as an affront to me, a retired, disabled, USMC, combat veteran. That my manager accused me of actions that were both false and slanderous, in order to treat another female employee more favorably. That the false and slanderous allegations were the bases for my wrongful termination on June 22, 2016. That I have been discriminated against based on my sex in violation of Title VII.

III. "That during my employment, I requested a reasonable accommodation for my vision disability. That my accommodation permitted me to attend on-line presentations remotely via my laptop computer versus attending on-line presentations projected on a conference room screen at the company office. That my vision disability prevented me from reading presentations projected on a conference room screen. That, although my previous managers allowed me to attend on-line presentations remotely via my laptop computer for about four years, my latest manager was dismissive about my vision disability and, in a contradiction to my accommodation falsely alleged I failed to attend on-line presentations. That I believe my latest manager discriminated against me for my vision disability. That ultimately my employer terminated my employment because

3

      I failed to attend on-line presentations, in spite of my vision disability and without regard to my accommodation, and, in so doing, violated the Americans with Disabilities Act (ADA).

  IV. "That my employer discriminated against me for my age. That my employer treated me-a 60 year old, retired, disabled, USMC combat veteran with about 36 years in the workforce—differently than younger female employees based on my age by disciplining me and eventually terminating my employment. That my employer discriminated against me based on my age in the terms and conditions of my employment. That my employer discriminated against me and in so doing, violated the Age Discrimination in Employment Act (ADEA).

  V. That my employer allowed my manager to create a hostile work environment based on my sex, my age, and my disability, in violation of Title VII, ADA and ADEA."

15. The Plaintiff's right to sue from his charge of discrimination was dated August 31, 2017.

16. The Right to Sue set forth "The EEOC issues the following determination: Based upon the investigation, the EEOC is unable to conclude that the information obtained establishes violation of statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge."

17. That fewer than ninety days have elapsed since the Plaintiff received the Right to Sue on the Plaintiff's first and second charges of discrimination.

## FACTUAL BACKGROUND

18. That the Plaintiff is a resident of the United States.

19. That the Plaintiff while employed with the Defendant was an older American under the law, combat veteran with a vision disability.

20. That the Plaintiff has exceptional experience.

21. That the Plaintiff was employed from November 2011 to March 0912 as a senior test engineer professional with Lockheed Martin supporting VA application Support Testing Services (ATSS) contract for Veteran Benefits Administration's Home Loan Guarantee System.

22. In March 2012, the Plaintiff became a senior test engineer and lead test engineer for CSC which subsequently became CSRA for three Veterans Benefits Administration Applications Groups. Those groups included Home Loan Guarantee (LGY), Fiduciary/Beneficiary System and Beneficiary Fiduciary Financial System (FBS/BFFS) and four Education Service Applications (EDU).

23. That in March of 2012 the Plaintiff's position became Software Engineer Senior Professional.

24. The Defendant, CSRA, did not provide the Plaintiff with any employee handbook. The Plaintiff's employment was governed by the whim of the Defendant. The Defendant failed and refused to draft and present policies and procedures regarding reporting discrimination, harassment, EEO policies, etc. The Defendant violated the contract with the government by not providing policies and procedures to the employees. When the Plaintiff asked for a copy for a copy of the employee handbook governing discrimination the Defendant informed the Plaintiff that they were being drafted.

25. In March/April 2016-three to four months after the start of the project/contract, Technatomy hired Megan Kotos as the ASTSS Test Team 1 Test Lead. Kotos was to be

an intermediary between the Plaintiff and the VBA customer, the VA EDU Test Lead, Eliberto (Eli) Marquez. Mr. Marquez characterized the Plaintiff's work performance as superb through the Plaintiff's employment.

26. Ms. Kotos previous position as a junior test engineer had been supervised by the Plaintiff. The Plaintiff has very little contact with Ms. Kotos by phone and none in person. The Plaintiff had one or two phone conversations with Ms. Kotos. The majority of their communications were via email.

27. That the Plaintiff worked with the Defendant for a period of over three years with exemplary performance appraisals and excellent commendatory emails from the VA Customer.

28. During the Plaintiff's employment, he encouraged Ms. Ward to work with the VA contract. The Plaintiff further encouraged Scott Ellis, the project manager to hire her despite her lack of experience he believed that she could perform the position with her requisite intelligence and work ethic. The Plaintiff further provided Ms. Ward with training on the test management and execution system in order to prepare her to take on her responsibilities.

29. That the Defendant was well aware of the Plaintiff's disability. That the Plaintiff requested accommodation for his disability.

30. That the Plaintiff began to suffer significant differential treatment based on his sex and his disability.

31. That the Plaintiff reported hostile work environment in April 2016.

32. Throughout the Plaintiff's employment, the Plaintiff provided the VA all services and deliverables on time or before their deadlines and as asserted in performance evaluations.

2:17-cv-03171-DCN-MGB     Date Filed 11/21/17    Entry Number 1    Page 6 of 16

33. That the Plaintiff attended all staff meetings. Ms. Ward approved his timecards for these meetings each week that he was remotely in attendance for.

34. That throughout the Plaintiff's employment there was were no documented performance issues. At no time was it ever discussed with the Plaintiff that there was a performance issue regarding reporting to women. At no time, did the Plaintiff exhibit a problem reporting to women. The Defendant created the reason in order to present a performance issue regarding the Plaintiff that had not previously existed. That the Plaintiff's reasons were pretextual.

35. That the Plaintiff was suspended on May 31, 2016. The Plaintiff was suspended for alleged abusive behavior towards Kotos. The Plaintiff did not exhibit abusive behavior towards Ms. Kotos and he had very limited interaction with Ms. Kotos over the last several months of his employment.

36. At no time did the Plaintiff refuse to comply with Ms. Kotos requests. At no time did the Plaintiff commit the offense of insubordination regarding Ms. Kotos. At no time did Kotos communicate any performance issues with the Plaintiff. Kotos provided no discipline to the Plaintiff prior to his termination. All discipline allegedly documented was created after the Plaintiff's termination in order to present a valid reason for the termination when none existed.

37. The Defendant also contends that the Plaintiff deleted information from the system. The Plaintiff was authorized to clean out the RQM by the customer. There is documented evidence that the customer authorized the deletion of the information.

38. At no time, did the Plaintiff refuse to complete tasks, fail to complete responsibilities, refusal to provide training or miss weekly status meetings.

39. That during the last 2 months of the Plaintiff's employment he had no communications with Kotos especially regarding his performance.

40. The Plaintiff's disability manifests in physical symptoms as well as learning abilities.

41. That the Defendants have denied those reasonable requests.

42. That based on the Plaintiff's disability and his sex the Plaintiff was treated significantly differently than other employees that did not suffer from a disability.

43. That the Plaintiff made requests for reasonable accommodations due to his disability. That the requests were granted. However, many of the Plaintiff's supervisors refused to follow the requests and ultimately disciplined the Plaintiff for the requests.

44. That the Plaintiff reported preferential treatment.

45. The alleged actions by the Plaintiff were pretextual and were created to terminate the Plaintiff for his complaints regarding discrimination, and preferential treatment.

46. That the Plaintiff was terminated from his employment on June 22, 2016.

47. At all times the Plaintiff was able to perform all aspects of his position with or without accommodation and did so.

48. That the Plaintiff was discriminated against based on his disability, his veteran status, sex and retaliation for his complaints.

49. That each of the reasons provided by the Defendant for not accommodating the Plaintiff were to harass the Plaintiff, harm the Plaintiff and retaliate against the Plaintiff.

50. That Defendant wrongfully discriminated against the Plaintiff in violation of the Americans' with Disabilities Act and Title VII 42 U.S.C. 2000.

51. That each of the reasons presented by the Defendant was pretextual.

52. Defendant's actions described herein were intentional and inflicted upon Plaintiff severe mental and emotional distress.

53. As a result of Defendant's actions, Plaintiff has suffered irreparable injuries, including but not limited to loss of pay, benefits and other economic losses, emotional pain and suffering, mental anguish, humiliation, embarrassment, personal indignity and other intangible injuries for all of which he should be compensated.

54. That the Defendant is the direct and proximate cause of injury to the Plaintiff.

55. The Defendants violated the laws of the United States and failed and refused to follow the law by issuing policies and procedures regarding being an equal opportunity employer and reporting procedures regarding discrimination.

56. Defendant engaged in policies and practices which willfully, intentionally, and unlawfully discriminated against Plaintiff on the basis of her perceived disability.

57. That the Defendant, treated the Plaintiff significantly differently based on his disability and sex.

58. That the Defendant's actions towards the Plaintiff violated the law.

59. That the Defendant is the direct and proximate cause of damage to the Plaintiff.

60. That, as a direct and proximate result of the Defendant's intentional unlawful actions towards the Plaintiff based on the Plaintiff's age, race and perceived disability, the Plaintiff:

    I. suffered severe emotional distress;

    II. suffered future lost wages and future lost benefits;

    III. suffered economic damages;

    IV. Loss of employment;

    V. Loss of Future employment;

    VI.    incurred attorney fees for this action;

    VII.    incurred costs of this action; and

    VIII.    will incur future attorney fees and costs.

61. That the Plaintiff is entitled to an award of damages in the amount of actual damages, compensatory damages, consequential damages, punitive damages, attorney's fees previous, future and present, costs of previous future and this action, and other damages such as this Honorable Court deems appropriate and just.

62. That the Plaintiff is entitled to any and all damages available under the law for his hostile work environment, discipline, and termination. The Plaintiff is entitled to any and all lost wages, lost benefits as a result of the wrongful termination. The Plaintiff is entitled to any and all future damages as a result of the Defendant's actions towards him.

## FOR A FIRST CAUSE OF ACTION

## DISABILITY DISCRIMINATION

## IN VIOLATION OF THE AMERICANS WITH DISABITIES ACT

63. That Paragraphs one (1) through sixty-two (62) are hereby incorporated verbatim.

64. The Defendant is an employer as defined in ADA.

65. That the Plaintiff is an employee as defined by the ADA.

66. That the Plaintiff was considered an exemplary employee.

67. That while she has been employed with the Defendant, the Plaintiff has been able and has performed her job duties in a satisfactorily level of the Defendant.

68. That the Defendant considered the Plaintiff's disability or perceived disability when considering any and all employment decisions, discipline, suspension, and termination.

69. That the Plaintiff was treated significantly differently than other employees who did not suffer from a disability.

70. The Plaintiff was disciplined and terminated for actions that were either similar or much worse than other employees who were not disciplined for terminated for.

71. That the Plaintiff reported differential treatment and was subjected to a hostile work environment as a result.

72. That the Defendant was fully aware of the Plaintiff's disability. The Plaintiff notified the Defendant of his disability.

73. That the Defendant discriminated against the Plaintiff based on his disability, record of disability or perceived disability.

74. That the Defendant is the proximate and direct cause of damage to the Plaintiff.

75. That the Plaintiff has suffered severe emotional damages as a result of the Defendants' discrimination against the Plaintiff.

76. That the Plaintiff was treated significantly differently based on consideration of his disability, the Defendants' perception of the Plaintiff's disability, or in consideration of the Plaintiff's disability, the Defendant violated the ADA.

77. That as a direct result of the Defendant's violation of ADA the Plaintiff has suffered:

    i. Considerable damage to her reputation;
    ii. Economic damages;
    iii. Economic hardship;
    iv. Loss of her position;
    v. Actual and future lost wages;
    vi. Loss of beneifits;

       vii.    Loss of future Benefits;

       viii.    Suffered anxiety, humiliation and emotional damages.

78.    That the Plaintiff is entitled to recover damages from the Defendant in the amount of actual damages, consequential damages, punitive damages, reasonable attorney's fees, the costs of this action and all other damages available pursuant to the ADA for the Defendant's discrimination against the Plaintiff based on his disability.

## FOR A SECOND CAUSE OF ACTION

## NATIONAL ORIGIN DISCRIMINATION IN VIOLATION OF TITLE VII

79.    That Paragraphs one (1) through seventy eight (78) are hereby incorporated verbatim.

80.    That the Plaintiff is a member of a protected class.

81.    That the Plaintiff suffered from discriminatory treatment based on sex and disability. That the Plaintiff reported this preferential treatment during his employment.

82.    That the Plaintiff participated in a protected act when he reported sex discrimination, disability discrimination, and hostile work environment.

83.    That the Defendant allowed the Plaintiff to be discriminated against based on his sex in violation of the law.

84.    That the Plaintiff reported the discrimination. That the Defendant failed and refused to correct the behavior. That the behavior became worse after the Plaintiff's reports.

85.    That the Defendant allowed the Plaintiff's supervisor to treat women employees more favorably without repercussions.

86.    That the Defendants discriminated against the plaintiff based on his sex.

87.    That the Defendants took adverse employment action against the Plaintiff by:

       (a)    Failing to protect the Plaintiff from Hostile work environment; and

  (b) Refusing to enforce it's the laws concerning discipline of employees engaging in harassing comments.

88. That the Defendants subjected the Plaintiff to discrimination in violation of the law.

89. That, as a direct and proximate result of the Defendants' intentional, unlawful and retaliatory actions, the Plaintiff:

  (a) Suffered severe emotional distress;

  (b) Suffered lost wages and benefits;

  (c) Suffered future lost wages and benefits;

  (d) Incurred attorney's fees and costs of this action.

90. That the Plaintiff is entitled to an award of damages in the amount of actual damages, compensatory damages, consequential damages, punitive damages, attorney's fees, costs of this action, and other damages such as this Honorable Court deems appropriate and just.

## FOR A THIRD CAUSE OF ACTION

## RETALIATION FOR COMPLAINTS REGARDING NATIONAL ORIGIN DISCRIMINATION, HOSTILE WORK ENVIRONMENT COMPLAINTS AND DISABILITY DISCRIMINATION

91. That Paragraphs one (1) through ninety (90) are hereby incorporated verbatim.

92. That the Plaintiff was an employee according to the law of the State of South Carolina, Federal Law including but not limited to Title VII, and the ADA.

93. That the Plaintiff made complaints regarding the Defendant's more favorable treatment of non-disabled employees and female employees. As a result of the Plaintiff's complaints the Plaintiff has been retaliated against. That the Defendant is the proximate and actual cause of damage to the Plaintiff.

94. That the Plaintiff has filed a charge of discrimination regarding national origin and disability and retaliation during his employment.

95. That the Plaintiff complained of discrimination based on sex and his disability.

96. That the Defendant retaliated against the Plaintiff by placing him in the most hostile work environment, disciplining him and terminating his employment.

97. That as a result of the Plaintiff's complaints the Plaintiff suffered retaliation for each of his complaints.

98. As a result of the Plaintiff's complaints regarding discrimination based on his Sex, Disability and hostile work environment based on his previous complaints the Defendant retaliated against the Plaintiff and terminated his employment.

99. The Defendant's actions described herein were intentional and inflicted upon Plaintiff to insure severe mental and emotional distress.

100. As a result of Defendant's actions, Plaintiff has suffered irreparable injuries, including but not limited to loss of pay, benefits and other economic losses, emotional pain and suffering, mental anguish, humiliation, embarrassment, personal indignity and other intangible injuries for all of which she should be compensated.

101. That the Defendant is the direct and proximate cause of injury to the Plaintiff.

102. That the Plaintiff is entitled to an award of damages from the Defendant. That the Plaintiff is entitled to recover damages from the Defendant in the amount of actual damages, consequential damages, punitive damages, reasonable attorney's fees, the costs of this action and all other damages available pursuant to Title VII, and ADA

## FOR A FOURTH CAUSE OF ACTION

## HOSTILE WORK ENVIRONMENT

103. That Paragraphs one (1) through one hundred and two (102) are hereby incorporated verbatim.

104. That the Plaintiff was an employee of the Defendant.

105. That the Defendant are employers in accordance with Title VII and the Americans' with Disabilities Act.

106. That the Defendant subjected the Plaintiff to a hostile work environment.

107. That the Plaintiff's work environment was abusive, to the point of severe and pervasive.

108. The Plaintiff was subjected to discrimination based on his sex and disability.

109. That the Defendant failed and refused to address the situation.

110. That the Plaintiff suffered severe emotional distress as a result of the Defendant's hostile work environment based on the Plaintiff's Sex and Disability.

111. That the Plaintiff's severe emotional distress was foreseeable as a result of the severe and pervasive work environment that the Defendant subjected the Plaintiff.

112. That the Plaintiff has been damaged as a result of the Defendant work environment.

113. That the Defendant is the direct and proximate cause of damage to the Plaintiff.

114. That the Plaintiff is entitled too actual, compensatory, consequential and punitive damages from the Defendant as a result of the hostile work environment.

115. That the Plaintiff is entitled to attorney's fees and costs from the Defendant.

**PRAYER FOR RELIEF**

WHEREFORE plaintiff prays that this Honorable Court:

A. Accept jurisdiction over this matter, including the pendent claim;

B. Empanel a jury to hear and decide all questions of fact;

C.  Award the Plaintiff lost wages, future lost wages, lost benefits and future lost benefits;

D.  Award to plaintiff compensatory and consequential damages against the defendant;

E.  Award to plaintiff punitive damages against the defendant for their malicious and spiteful pattern of disability discrimination and National Origin Discrimination;

F.  Award to plaintiff All damages available to the plaintiff damages against the defendant for their malicious discrimination against the plaintiff in violation of the Title VII and the ADA;

G.  Award to plaintiff the reasonable attorneys' fees and costs incurred in the prosecution of this matter;

H.  Award all damages available to the Plaintiff pursuant to Federal and State Law;

I.  Permanently enjoin the defendants, their assigns, successors, agents, employees and those acting in concert with them from engaging in sexual discrimination, disparate treatment or retaliation against plaintiff and

J.  enter any other order the interests of justice and equity require.

        HUNT LAW LLC

        *s/Bonnie Travaglio Hunt*
        Bonnie Travaglio Hunt
        HUNT LAW LLC
        4000 Faber Place Drive, Suite 300
        North Charleston SC 29405
        Post Office Box 1845, Goose Creek, SC 29445
        (843)553-8709

Dated:  November 20, 2017